Reese, J.,
delivered the opinion of the court.
This is an attachment bill founded upon the acceptance of the defendants, citizens of the Parish of Rapides in the State of Louisiana, of a bill of exchange drawn upon them by one J. Watson for $1000; of which complainant is holder; and a blooded race mare Reel was attached. They state that being indebted to their wives for paraphernal property of said wives, converted by them, they did in 1843, by an authentic act before the proper judicial officer in said Parish, convey the said mare Reel, together with other blooded stock, to their said wives, and they exhibit said authentic act. The Mrs. Wells’, *203 in defence of their title, file their cross bill which was answered, and both cases were consolidated and brought on to hearing together. We have had much discussion before us, founded on various articles of the civil code of Louisiana, as regards the relations of husband and wife, and the mode of invalidating contracts alledged to be fraudulent. For the complainant insists that the authentic act of conveyance of record is fraudulent. This is denied on the other side, and it is insisted, even if it were fraudulent, it cannot by the law of Louisiana be set aside and avoided, in an attachment suit against the property conveyed, or by execution levied upon it, or by collateral procedure, as may be done by the statutes of Elizabeth, or our act of 1801, but only by a direct revocative action against the ven-dee, which is given by Article 1965.
In a system of laws so different from our own, it becomes us to move, at every step, with great caution, lest we fall into error and do injustice. We are satisfied the code means, and has been expounded to mean, that such a contract is valid, unless its invalidity, on the ground of fraud, be judicially declared in the direct revocative action, given by the code to the creditor against the vendee. Being satisfied of this question, and this question being decisive of the case before us, we have withheld ourselves from considering other questions which have been urged upon us, as leading to the same conclusion.
Upon this ground we affirm the decree of His Honor the Chancellor.